UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------

ELAINE L. CHAO, Secretary of Labor,  : Civil Action
United States Department of Labor
                                      : File No. 07 CV 757
              Plaintiff,
                                      : COMPLAINT
       v.                             :
                                        JUDGE CEDARBAUM
717 Fifth Avenue Gourmet Corp. d/b/a C'est Bon Café, :
A Corporation; New Blue Flowers Gourmet, Inc.
d/b/a New Blue Flower Deli, A Corporation; Byung N.
"Lee" Lim, Individually and as Owner; and Byung S. :
"Bruce" Lim, Individually and as Owner

                                      :
              Defendants              :
---------------------------------------------------------------------



RECEIVED JAN 3 1 2007 U.S.D.C. S.D. N.Y. CASHIERS

Plaintiff, Elaine L. Chao, Secretary of Labor, United States Department of Labor, brings this action under Sections 16(c) and 17 of the Fair Labor Standards Act of 1938, as amended, (29 U.S.C. §201, *et seq.*), ("the Act"), alleging that defendants violated sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Act.

I.

Jurisdiction of this action is conferred upon the Court by Section 17 of the Act and 28 U.S.C. Sections 1331 and 1345.

II.

Defendant 717 Fifth Avenue Gourmet Corp. d/b/a C'est Bon Cafe is a corporation duly organized under the laws of the State of New York having its principal office and place of business at 11 East 55th Street, NY, NY 10022 within the jurisdiction of this court where it operates as a retail deli.

III.

Defendant New Blue Flowers Gourmet, Inc. d/b/a New Blue Flower Deli is a corporation duly organized under the laws of the State of New York having its principal office and place of business at 5 East 47th Street, NY , NY 10018 within the jurisdiction of this court where it operates as a retail deli.

IV.

Defendant corporations have regulated the employment of all persons employed by them, acted directly and indirectly in the corporations' interest in relation to their employees, and thus are employers of the employees within the meaning of section 3(d) of the Act.

V.

Defendant Byung N. "Lee" Lim, who maintains places of business at 11 East 55th Street, NY, NY 10022 and 5 East 47th Street, NY, NY 10018, within the jurisdiction of this court, is an owner and manager of defendant corporations, acted directly and indirectly in the corporations' interests in relation to the employees, and thus is an employer of the employees within the meaning of section 3(d) of the Act.

VI.

Defendant Byung S. "Bruce" Lim, who maintains places of business at 11 East 55th Street, NY, NY 10022 and 5 East 47th Street, NY, NY 10018, within the jurisdiction of this court, is an owner and manager of defendant corporations, acted directly and indirectly in the corporations' interests in relation to the employees, and thus is an employer of the employees within the meaning of section 3(d) of the Act.

VII.

The business activities of the defendants are related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of section 3(r) of the Act.

VIII.

Defendants have employed employees at their places of business in the activities of the enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00 Therefore, the employees are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Act.

IX.

Defendants in many workweeks, willfully and repeatedly violated, and are still violating, the provisions of sections 6 and 15(a)(2) of the Act by paying many of their employees employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at rates less than the applicable statutory minimum rate prescribed in Section 6 of the Act and thus, defendants are liable for unpaid minimum wage compensation owing to their employees under section 6 of the Act and an additional equal amount as liquidated damages pursuant to section 16(c) of the Act or, in the event liquidated damages are not awarded, unpaid minimum wages and prejudgment interest on the unpaid minimum wages under section 17 of the Act.

X.

Defendants, in many workweeks, willfully and repeatedly violated, the provisions of sections 7 and 15(a)(2) of the Act by employing many of their employees employed in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than those prescribed in section 7 of the Act without compensating the employees for their employment in excess of the prescribed hours at rates not less than one and one-half times the regular rates at which they were employed. Therefore, defendants are liable for unpaid overtime compensation and an equal amount in liquidated damages under section 16(c) of the Act, or, in the event liquidated damages are not awarded, unpaid overtime compensation and prejudgment interest on the unpaid overtime compensation under section 17 of the Act.

XI.

Defendants willfully and repeatedly have violated the provisions of sections 11(c) and 15(a)(5) of the Act, in that defendants failed to make, keep, and preserve adequate and accurate records of their employees and of the wages, hours, and other conditions of employment which they maintained as prescribed by the Regulations issued and found at 29 CFR Part 516; more specifically, the records kept by the defendants failed to show adequately and accurately, among other things, the hours worked each workday, the total hours worked each workweek, the regular rate of pay, the basis upon which wages were paid, the total straight-time earnings for each workweek, and/or the total overtime compensation for each workweek, with respect to many of their employees.

XII.

Defendants since May 23, 2002 willfully and repeatedly have violated the provisions of the Act as alleged above.

WHEREFORE, cause having been shown, plaintiff prays for judgment against defendants providing the following relief:

(1) For an injunction issued pursuant to section 17 of the Act permanently restraining defendants, their officers, agents, employees, and those persons in active concert or participation with defendants, from violating the provisions of sections 6, 7, 11, 15(a)(2), and 15(a)(5) of the Act; and

(2) For an order pursuant to section 16(c) of the Act finding defendants liable for unpaid minimum wages and overtime compensation found due defendants' employees listed on the attached Exhibit A and an equal amount of liquidated damages (additional unpaid minimum wages and overtime compensation and liquidated damages may be owed to certain employees presently unknown to plaintiff for the period covered by this Complaint); or,

(3) in the event liquidated damages are not awarded, for an injunction issued pursuant to section 17 of the Act restraining defendants, their officers, agents, employees, and those persons in active concert or participation with defendants, from withholding the amount of unpaid minimum wages and overtime compensation found due defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. §6621; and

(4) For an order awarding plaintiff the costs of this action; and

(5) For an order granting such other and further relief as may be necessary and appropriate.

DATED: January 31, 2007
New York, New York

/s/
JONATHAN L. SNARE
Acting Solicitor of Labor

/s/
PATRICIA M. RODENHAUSEN
Regional Solicitor

/s/
EVAN R. BAROUH
Senior Trial Attorney

U.S. Department of Labor
Attorneys for Plaintiff.

POST OFFICE ADDRESS:

Patricia M. Rodenhausen
Regional Solicitor
U.S. Department of Labor
201 Varick Street, Room 983
New York, New York 10014
Tel.   212-337-2087
FAX   212-337-2112

Exhibit A

# EXHIBIT A

## 717 FIFTH AVENUE GOURMET CORP. d/b/a C'EST BON CAFE

Abraham Abraham
Marcello Aleman
Ancures Alvaro
Andy Andy
Xochitecatl Arturo
Sueyeon Bahn
Pascual Benjamin
Caesar Castillo
Marco Cruz
Escamilia Elpidio
Marcello Enrique
Fausto Fausto
Fernando Flores
Gabriel Gonzales
Antonio Galindo
Orlando Garcia
Rafael garcia
Geraldo Geraldo
Ernesto H
Mario Herera
Manuel Ilivicura
Javier Javier
Jesus Jesus
Juan Juan
Julian Julian
Valentin Lopez
Antonio Luna
Taurino Moreno
Octavio Octavio
Odilon Odilon
Gerard Ortega
Ramon Ortiz
Caeser Paras
Marcello Rojas
Rolando Rolando
Salvado Salvado
Salvador Salvador
Mario Sanchez
Oscar Vazquez
Angelo Velazquez

# NEW BLUE FLOWERS GOURMET, INC. d/b/a NEW BLUE FLOWER DELI

Gonzalo (Havie) Soriano
Estevan Aca
Alberto Ahanes
Benito Alberto-Chanes
Estevan Autudillo
Juan Flores
Jorge Hayelpa-Vaguerd-Lopez
Daniel Lopez
Lupe Garcia
Fausto Moya
Filiberto Perez
Luis Perez
Valentin Perez
Javier Ramirez
Daniel Rojas
Thomas Sanchez
Victor Sauedra
Rene Susano-Ruiz
Pedro Tellez